588 S.E.2d 593

**In the Matter of Jack T. FLOM, Respondent.**

**No. 25742.**

Supreme Court of South Carolina.

Heard Oct. 7, 2003.
Decided Oct. 27, 2003.

Henry B. Richardson, Jr., and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

Jack T. Flom, of Jacksonville, FL, pro se.

PER CURIAM.

In this attorney disciplinary matter, the Commission on Lawyer Conduct concluded respondent committed misconduct and recommended disbarment. We agree and disbar respondent.

## Initial Formal Charges[1]

### Matter I

After transmission repairs were performed by a mechanic on their Ford truck, Mr. and Mrs. Doe continued to have transmission difficulties and retained respondent. On June

---

1. Although he did file a response to the Initial Formal Charges, because respondent did not appear at the hearing, he is deemed to have admitted the factual allegations in the complaint and to have conceded to the merits of any recommendation at the hearing. Rule 24(b), Rule 413, SCACR.

28, 1994, respondent sent a letter to the mechanic explaining the situation and demanding relief. He then submitted a bill for this letter to UAW–Ford Legal Services. By letter dated July 15, 1994, the mechanic replied to respondent and denied liability.

Although respondent drafted a Summons and Complaint, he did not serve the documents. The statute of limitations against the mechanic and other potential defendants expired. Respondent did not advise the Does about the expiration of the statute of limitations.

After receipt of the Does' complaint, the Commission on Lawyer Conduct sent respondent a March 23, 1999, letter requesting a response within fifteen days. Respondent did not respond. The Commission again wrote respondent on May 4, 1999, requesting a response and advising that failure to respond was grounds for discipline. Respondent replied on May 18.

On July 9, 1999, a staff attorney at the Office of Disciplinary Counsel wrote respondent requesting additional information and a response within fifteen days. Respondent did not reply.

By letter dated August 25, 1999, Deputy Disciplinary Counsel again requested the information sought by the staff attorney and reminded respondent that failure to respond was grounds for discipline. Respondent did not reply.[2]

A Notice of Full Investigation was sent to respondent in December. Respondent did not reply.

*Matter II*

Client A retained respondent in March 1998 after she was served with a Summons and Complaint seeking a reduction in child support. At the same time, Client A's ex-husband reduced his child support payment and refused to provide medical insurance for the parties' son as previously ordered by the family court. The retainer agreement between Client A

---

2. In his Response to Formal Charges, respondent asserted he telephoned Deputy Disciplinary Counsel and told her he would be responding. However, before he responded, he received the complaint in a second matter. At the hearing, a witness for the Office of Disciplinary Counsel testified the Deputy Disciplinary Counsel did not grant respondent an extension of time to file a response.

and respondent states a rate of $125/hour for out-of-court time and $150/hour for in-court time.

Although Client A contacted respondent weekly, months passed without any action by respondent. Respondent told Client A he was waiting for a court date to be scheduled by her ex-husband's attorney. During this time, Client A received the reduced child support payments and her ex-husband made no payments towards their son's medical bills.

Several letters from the ex-husband's attorney indicate a willingness to discuss settlement. Although Client A made it clear she could not accept a lower child support payment, respondent did not file an Answer or take other action.

The ex-husband hired a new attorney in December 1998. The attorney filed a new action against Client A. A court date was set for April 19, 1999. After she took time off from work and went to the courthouse to appear at the hearing, Client A discovered the hearing had been postponed by agreement of the attorneys but she had not been notified.

After a hearing in June 1999, the family court ordered full reimbursement of the back-due child support and reinstated the original support requirement. The family court held the insurance issue and respondent's request for attorney's fees in abeyance because the ex-husband had filed for bankruptcy shortly before the hearing. Respondent had submitted an affidavit for attorney's fees asserting his charge was based on rates of $150/hour for out-of-court work and $175/hour for in-court work.

In late June 1999, respondent received a check from Client A's ex-husband which represented the back-due child support. Respondent withheld $1735 from the check as his attorney's fees. Again, respondent determined this fee based on $150/hour out-of-court work and $175/hour for in-court work although the retainer agreement specified a lesser hourly rate.

The Commission advised respondent of Client A's October 1999 complaint and requested a response. Respondent did not reply.

By letter dated November 22, 1999, the Commission again wrote respondent requesting a response and advising him that failure to cooperate was grounds for discipline. The Commis-

sion's Notice of Full Investigation was sent to respondent by certified mail in February but returned unclaimed by the postal service.

## Matter III

In December 1999, Client B retained respondent to file a post-conviction relief (PCR) action on behalf of her husband who was incarcerated in Florida. Client B signed a retainer agreement, gave respondent $1500, and agreed to pay $200 per month towards the $5,000 retainer fee.

Between December 1999 and April 2000, Client B contacted respondent on numerous occasions and inquired whether the PCR action had been filed. Although respondent told Client B the petition had been filed and copies had been mailed, neither Client B nor her husband received a copy of the petition.

Client B contacted the Attorney General's Office and the Horry County Clerk of Court and determined no action had been filed. Client B again contacted respondent; he again asserted he had filed the action. Client B told respondent that she intended to take legal action against him unless he provided proof by the next day, April 7, 2000, that the action had in fact been filed.

At 4:00 p.m. on April 7, Client B telephoned respondent and told him she had not received any proof of the filing. Although respondent asked if Client B would wait until Monday, she refused. Shortly thereafter, respondent faxed Client B a copy of a document captioned with the name of Client B's husband and civil action number 2000–CP–26–999. The application bore respondent's signature, was dated March 3, 2000, and was stamped as filed with the Horry County Clerk's Office on March 8, 2000.

Respondent gave Client B false information. Civil Action No.2000–CP–26–999 was actually a lawsuit which had been filed against respondent personally. Respondent had removed the filing stamp from the previously-filed suit and placed it on the PCR action before faxing it to Client B.

Although the Commission sent respondent a copy of Client B's complaint and asked for a response, respondent did not reply. In June 2000, the Commission again wrote respondent

requesting a response and advising him that failure to cooperate was grounds for discipline. Respondent did not reply. In August 2000, the Commission sent respondent a Notice of Full Investigation requiring a response in thirty days. After the Attorney General's Office subpoenaed respondent's client file, respondent replied to Client B's complaint.

### Second Formal Charges [3]

#### Matter IV

Client C retained respondent to represent him in two different matters. Respondent failed to take any action regarding either matter.

Client C retained respondent in a third matter. Although he wrote the defendant a demand letter, respondent failed to take any further action.

Respondent received the Notice of Full Investigation from the Commission. He did not file a response.

#### Matter V

Client D retained respondent to file a lawsuit concerning causes of action which had occurred in 1995. After respondent filed suit in 1997, the defendant filed an answer and interrogatories. After not receiving interrogatory responses for three months, defense counsel wrote respondent seeking responses. Six months later, defense counsel filed a motion to compel discovery. After the motion was placed on the docket, respondent and defense counsel reached an agreement resolving the motion. In August 2000, Client D's case was voluntarily dismissed from the docket without participation of the defendant and without notice to Client D.

Shortly thereafter, the parties agreed to restore the matter to the docket, but respondent failed to prepare the consent order. Defense counsel then wrote respondent in August and

---

**3.** Respondent did not file an answer to the Second, Third, or Fourth Formal Charges. His failure to file an answer constitutes an admission of the factual allegations in those charges. Rule 24(a) of Rule 413, SCACR. In addition, because he failed to appear at the panel hearing, he is deemed to have admitted the factual allegations of these three charges and to have conceded the merits of the recommendation considered at the hearing. Rule 24(b) of Rule 413, SCACR.

again in November 2000 requesting a consent order to restore the case; he never received an order. The statute of limitations expired.

Client D made repeated telephone calls to respondent concerning the status of the case and was told there would be a delay before the hearing. When she checked the courthouse records, she learned the case had been dismissed. When Client D visited respondent's office and informed him of the dismissal, respondent advised the statute of limitations would not apply to the refiling of her case.

After respondent closed his office, Client D had difficulty locating him. When she did locate him, respondent reassured her that her case would go to court.

Client D filed a complaint with the Commission. She was unable to obtain her file from respondent.

A Notice of Full Investigation was sent by certified mail to respondent. The document was returned unclaimed after three attempts at service.

### THIRD FORMAL CHARGES

#### Matter VI

Respondent prepared a will for Client E's husband in 1983. Respondent kept the original will. After her husband passed away in 2001, Client E contacted respondent to obtain the original will. Respondent could not locate the will.

Client E met respondent in Georgetown who took her to a storage warehouse which contained his locked safe. After he was unable to unlock the safe, respondent gave the safe to Client E. Client E took the safe to a locksmith in Myrtle Beach where it was opened. The safe contained 50 or more sealed envelopes, most labeled "Last Will and Testament" with a client's name. Client E's husband's will was not among the documents. Ultimately, the safe and documents were returned to respondent.

A Notice of Full Investigation requiring a thirty day response was served upon respondent. He did not reply.[4]

---

4. An Attorney to Protect was appointed and is in the process of returning the original wills to respondent's clients.

## *Fourth Formal Charges*

### *Matter VII*

Client F retained respondent to obtain a divorce. She paid him a fee of approximately $1,000. Although he filed a Summons and Complaint seeking alimony, child support, and other relief, he failed to seek all this relief at the final hearing. Respondent failed to prepare and file the divorce decree.

Client F retained new counsel. The new attorney was unable to locate respondent's file and was required to listen to the taped recording of the family court hearing in order to prepare the final decree.

By letter dated August 13, 2001, the Office of Disciplinary Counsel wrote respondent about this matter, requesting a response in fifteen days. Respondent did not reply. Disciplinary Counsel sent respondent a second letter dated September 1, 2001. Respondent did not reply.

On January 31, 2002, the Notice of Full Investigation was mailed to respondent. Although this notice required a response within thirty days, respondent did not reply.

### *Matter VIII*

A fee dispute complaint was filed by a client against respondent. An agreement was reached wherein respondent would refund $450 to client.

When respondent failed to refund the money within the stated deadline, the Fee Dispute Board notified the Office of Disciplinary Counsel. Disciplinary Counsel notified respondent of the complaint and requested a response within fifteen days. Respondent did not reply. Respondent also failed to respond to the Notice of Full Investigation.

### *Matter IX*

In 1999, Client G hired respondent to represent him in a divorce and child custody case. Respondent failed to fully research his client's case, failed to gather pertinent files and records, and neglected the matter such that the client relin-

quished his parental rights. Respondent failed to return Client G's telephone calls, failed to take necessary action to enforce Client G's right to visitation, and failed to notify his client that his office was being closed and his telephone number changed.

After considering the testimony and exhibits from the hearing, the Commission on Lawyer Conduct concluded respondent breached the Rules of Professional Conduct (Rule 407, SCACR), specifically Rule 1.15 (failure to safeguard client's property), Rule 1.3 (failure to act with reasonable diligence and promptness in representing a client), Rule 1.4 (failure to keep a client reasonably informed about the status of a matter and comply promptly for requests for information; failure to explain matter to client to extent reasonably necessary to permit client to make informed decisions), Rule 1.1 (failure to represent a client competently), Rule 1.2 (failure to consult with a client as to objectives of representation and means by which they are to be achieved), Rule 1.5 (charged an unreasonable fee), Rule 1.16 (failure to provide reasonable notice of termination of representation), Rule 8.1(a) (knowingly make a false statement of material fact in connection with a disciplinary matter), Rule 8.1(b) (failure to respond to a lawful demand for information from a disciplinary authority), Rule 8.4(a) (violated the Rules of Professional Conduct), and Rule 8.4(e) (engaged in conduct that is prejudicial to the administration of justice). In addition, the Commission concluded respondent breached the Rules for Lawyer Disciplinary Enforcement (Rule 413, SCACR), specifically Rule 7(a)(1) (violating the Rules of Professional Conduct), Rule 7(a)(3) (failure to respond to request for appearance before disciplinary authority), Rule 7(a)(5) (engaged in conduct tending to pollute the administration of justice or to bring the courts or legal profession into disrepute and engaged in conduct demonstrating unfitness to practice law), and Rule 7(a)(6) (violate oath of office).

## DISCUSSION

Although this Court is not bound by the Commission's findings, its findings are entitled to great weight, partic-

ularly when the inferences to be drawn from the testimony depend on the credibility of witnesses. *Matter of Moore,* 329 S.C. 294, 494 S.E.2d 804 (1997); *Matter of Yarborough,* 327 S.C. 161, 488 S.E.2d 871 (1997). Nonetheless, the Court may make its own findings of fact and conclusions of law. *Id.* A disciplinary violation must be proven by clear and convincing evidence. *Id.*

We conclude the record establishes by clear and convincing evidence that respondent engaged in numerous acts of misconduct. On several occasions, respondent failed to handle client matters diligently and competently, failed to adequately communicate with clients, and failed to respond to requests for information from the Office of Disciplinary Counsel. Respondent failed to appear at the hearing before the Subpanel. In addition, he lied to a client about the filing of a legal document and prepared a fictitious document to bolster his misrepresentation. Respondent misplaced a client's original will and then gave a third party unfettered access to other clients' confidential documents. Finally, respondent charged a client a fee which was in excess of the hourly rate agreed upon in the written retainer.

We find that respondent's misconduct warrants disbarment. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court. In addition, respondent is ordered to pay the costs of the disciplinary proceeding ($563.60). This amount shall be remitted to the Commission on Lawyer Conduct in accordance with Rule 413, SCACR.

DISBARRED.

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.